IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BUTANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-cv-01652-HEA |
| ) | |
| WELLS FARGO, N.A., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff Christopher Butano ("Butano") filed this action because he confused a forbearance agreement with a loan modification. The Complaint incorrectly alleges that several years ago Defendant Wells Fargo Bank, N.A. s/h/a Wells Fargo, N.A. ("Wells Fargo") promised to modify Butano's loan permanently in a written agreement. Until two years after filing this case, however, he "didn't read the whole thing." He now admits that this agreement "did not permanently modify [his] mortgage payments." Before executing that agreement, Butano had already failed to make payments to Wells Fargo under a prior modification. When Butano continued to suffer financial trouble and reached out for further assistance, Wells Fargo agreed to a special forbearance plan whereby Butano could make four reduced monthly payments while seeking to qualify for another loan modification. Butano failed to make these payments on time, and Wells Fargo ultimately denied his loan modification request. Now he has not made a mortgage payment since January 2012. For these reasons, Wells Fargo is entitled to summary judgment on all counts, for breach of contract (Count I), promissory estoppel (Count II), and fraudulent misrepresentation (Count III).

1

## DISCUSSION

**I.     Wells Fargo Is Entitled to Summary Judgment With Respect to Butano's Breach of Contract Claim (Count I).**

Plaintiff's breach of contract claim is groundless.  Contrary to the conclusory allegations in the Complaint, Butano was not offered a permanent modification, but rather a temporary forbearance plan.

In Missouri, a breach of contract action requires the existence and terms of a valid and enforceable contract, a breach of the plaintiff's rights or defendant's obligations under that agreement, and damages.  *Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 884 (E.D. Mo. 2013).

In the Complaint, Butano repeatedly made conclusory allegations that the Special Forbearance Agreement was a "modification" or "permanent modification" or "permanent loan modification."  (Compl. ¶¶ 12, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 30, 34, 35, 36, 38, 39, 40, 41, 44, 45).  This is incorrect.[1]  The Special Forbearance Agreement only provides for a reduction of four months payments (from June 2011 through September 2011).  (S.O.F. ¶ 17).  Further, the agreement makes it clear that "[t]his plan is an agreement to temporarily accept reduced payments," that "[u]pon completion of this plan, the loan must be brought current or an arrangement to satisfy the arrearage must be executed," and that, except for its specific payment terms, "[a]ll of the provisions of the note and security instrument … remain in full force and effect."  (S.O.F. ¶¶ 12, 14).  The agreement also specifically provides that Wells Fargo was "under no obligation to enter any further agreement, and this forbearance shall not constitute a waiver of [Wells Fargo's] right to insist upon strict performance in the future."  (S.O.F. ¶ 13).

---

[1] The Court previously recognized this distinct possibility at the motion to dismiss stage.  *See* Doc. 10 at 7-8 (recognizing that "the evidence in this matter may ultimately translate into facts which may establish that the 'loan modification' was realistically a forbearance agreement which did not entitle Plaintiff to a permanent modification").

2

This language is unambiguous. Even Butano, who "didn't read the whole thing," now admits that the Special Forbearance Agreement did not modify his loan. (S.O.F. ¶¶ 11, 19).

In short, Wells Fargo was under no obligation to modify Butano's loan and did not breach the Special Forbearance Agreement. In fact, Butano was the party who breached the agreement. He failed to make timely payments under the Special Forbearance Agreement, as required by its express terms. (S.O.F. ¶¶ 16, 18). It should therefore not be surprising that Wells Fargo later found that Butano did not qualify for a permanent loan modification, given this failure to make timely payments, as well as his failure to resume normal payments or bring the loan current when the temporary payment plan ended. (S.O.F. ¶¶ 7, 12, 14). There was no promise of a future loan modification upon even proper completion of the payment plan (S.O.F. ¶ 13), and Butano had no such right under Missouri law. *See Peterson v. Kansas City Life Ins. Co.*, 98 S.W.2d 770, 776 (Mo. 1936); *Freitas v. Wells Fargo Home Mortg., Inc.*, No. 11-3146-CV-SW-RED, 2011 WL 5524913, at *4 (W.D. Mo. Nov. 14, 2011).

Accordingly, Butano's breach of contract claim, by his own admission, is groundless, and Wells Fargo is entitled to summary judgment with respect to Count I.

II.  **Wells Fargo Is Entitled to Summary Judgment With Respect to Butano's Promissory Estoppel Claim (Count II).**

Butano's promissory estoppel claim fails for the identical reason as his breach of contract claim—there was never any promise of a "loan modification."

"Under Missouri law, '[a] claim of promissory estoppel has four elements: (1) a promise; (2) on which a party relies to his or her detriment; (3) in a way the promisor expected or should have expected; and (4) resulting in an injustice that only enforcement of the promise could cure." *Freitas v. Wells Fargo Home Mortg., Inc.*, 703, F.3d 436, 440 (8th Cir. 2013) (quoting *Clevenger v. Oliver Ins. Agency, Inc.*, 237 S.W.3d 588, 590 (Mo. banc 2007)).

3

Butano alleges that Wells Fargo, "by way of its offered modifications, unambiguously promised to Plaintiff that if he agreed to the offered modification and fully complied with the terms, Defendant would accept the reduced payments going forward for the life of the loan." (Compl ¶ 30). This assertion is simply wrong on many fronts.

First, to the extent the Complaint identifies more than one "modification," Butano acknowledges that there was no March 2010 modification (when Butano was in bankruptcy and would have needed the Court's leave anyway for the modification to be effective). (S.O.F. ¶¶ 2-4).

Second, as described in the previous Section, the May 2011 Special Forbearance Agreement was unambiguously *not* a loan modification.

Third, Butano did not "fully compl[y]" with the terms of the Special Forbearance Agreement because he made late payments under that plan. (S.O.F. ¶¶ 12, 16, 17, 18). He was also admittedly in default on his payments under his prior loan modification from July 2010. (S.O.F. ¶¶ 7-9).

Finally, Butano's allegation that he detrimentally relied upon Wells Fargo's alleged promise is disingenuous. By his own admission, this reliance was unreasonable because when he finally read the Special Forbearance Agreement in 2015, he conceded that it did not modify his loan. (S.O.F. ¶ 19). Moreover, the only other payment Butano has even made to Wells Fargo following the termination of that plan was an unexplained $100 payment in January 2012 that has no correlation to the Special Forbearance Agreement or any other action attributable to Wells Fargo. (S.O.F. ¶ 7). Even if one disregards every missed payment prior to September 2011, Butano is now 43 payments past due, and his own failure to make timely payments or resume

proper payments hardly makes this an instance "resulting in an injustice that only enforcement of the [non-existent] promise could cure." *Freitas*, 703 F.3d at 440.

In short, Butano's promissory estoppel claim is equally groundless, and Wells Fargo is entitled to summary judgment with respect to Count II as well.

**III.     Wells Fargo Is Entitled to Summary Judgment With Respect to Butano's Fraudulent Misrepresentation Claim (Count III).**

Butano's final claim for fraudulent misrepresentation fails for the same reasons as his two other claims. "Under Missouri law:

> The elements of fraudulent misrepresentation are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury."

*Freitas v. Wells Fargo Home Mortg., Inc.*, 703, F.3d 436, 440 (8th Cir. 2013) (quoting *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. banc 2010)).

Butano cannot establish the basic element of falsity. In this Count, Butano alleges a modification from March 2010 that does not exist. (S.O.F. ¶ 4). Otherwise, his allegation that in the Special Forbearance Agreement "Wells Fargo represented that if Butano agreed to the terms, Wells Fargo would modify the mortgage" (Compl. ¶ 39) is simply incorrect. This is not what the Special Forbearance Agreement provides, for the reasons previously described. The agreement was merely a temporary agreement to accept reduced payments with no further obligations on the part of Wells Fargo to modify the loan (who was already forgoing its right to receive full loan payments).

5

Furthermore, Butano also cannot establish his reasonable reliance because he did not fully comply with the terms of the Special Forbearance Agreement, as his payments were late, and he did not make reasonable attempts to resume payments afterward.

Accordingly, Wells Fargo is also entitled to summary judgment with respect to Count III.

## CONCLUSION

For the reasons stated above, Defendant Wells Fargo Bank, N.A. is entitled to summary judgment on all counts within Plaintiff Christopher Butano's Complaint.

Dated: April 30, 2015

Respectfully submitted,

**BRYAN CAVE LLP**

By: ___/s/ Eric D. Martin___
    Eric D. Martin    MO #47558
    Jonathan B. Potts    MO #64091
    One Metropolitan Square
    211 North Broadway, Suite 3600
    St. Louis, Missouri  63102
    (314) 259-2000 (telephone)
    (314) 259-2020 (facsimile)
    eric.martin@bryancave.com
    jonathan.potts@bryancave.com

ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 30, 2015, a copy of the foregoing was filed using the Court's online CM/ECF system, which will serve notice upon all counsel of record.

                                               /s/ Eric D. Martin
                                                Attorney for Defendant