IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPER BUTANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:13-cv-01652-HEA |
| | ) |
| WELLS FARGO, N.A., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, Christopher Butano, by and through counsel, and for his Memorandum in Opposition to Defendant's Motion for Summary Judgment states:

Defendant moves for summary judgment, however, because there remain genuine issues of material fact and because defendant has failed to prove that it is entitled to judgment as a matter of law, Defendant's Motion for summary judgment must be denied.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is only proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. See Rule 56(c)(2). The moving party bears the responsibility of informing the court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir.2011) (en banc). The non-

1

movant must come forward with some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Id*. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 251–52.

## LEGAL ANALYSIS

Plaintiff, Christopher Butano ("Mr. Butano"), filed this lawsuit to end the perpetual loan modification cycle the Defendant kept him in for years and to hold the Defendant accountable for the promises the Defendant made to him. He has spent years willingly participating in the Defendant's never-ending loan modification protocols trying to find the agreement that the Defendant will abide by. Mr. Butano has signed document after document provided by the Defendant hoping to find one that will end his family's constant fear of the day the Defendant will tire of having them run in modification circles and try to take away their home. Mr. Butano made an agreement to modify his loan with the Defendant, relied on that agreement, and now the Defendant wants to pretend like the agreement never took place. Because of this, the Defendant is not entitled to summary judgment on any count, and its motion for summary judgment must be denied.

**I. There Remain Genuine Issues of Material Fact With Respect to Plaintiff's Breach of Contract Claim (Count I).**

Under Missouri law, in order to state a claim for breach of contract a Plaintiff must plead (1) the existence of a contract between the parties, (2) the rights and obligations of the parties

under the contract, (3) the Defendant's breach of its obligations, and (4) the Plaintiff's damages due to the breach. *Teets v. American Family Mut. Ins. Co., 272 S.W.3d 455, 461 (Mo.App. E.D., 2008).*

Defendant argues that the Special Forbearance Agreement is the only document Mr. Butano signed and it only entitled him to a temporary reprieve from the Defendant's inflated payments and interest rate hikes. (*See* Defendant's Memorandum in Support, Pg. 2). However, Mr. Butano testified that this document was one of a number of documents he signed that day and the reason why he signed it was because he would be receiving a loan modification. (Statement of Facts ("S.O.F.") ¶11, ¶12). Mr. Butano testified that he entered into a loan modification at the home preservation workshop and this remains as a genuine issue of material fact. A reasonable juror could find that Mr. Butano was offered a loan modification in order for him to sign the special forbearance document and others on that day. Defendant is not entitled to summary judgment on Plaintiff's Breach of Contract Claim (Count I).

**II. There Remain Genuine Issues of Material Fact With Respect to Plaintiff's Promissory Estoppel Claim (Count II).**

In Missouri, a claim for promissory estoppel has four elements: (1) a promise, (2) on which the promisee relies to his detriment, (3) in a way the promisor expected or should have expected, and (4) resulting in an injustice that only enforcement of the promise could cure. *Clevenger v. Oliver Ins. Agency, Inc.*, 237 S.W.3d 588, 590 (Mo. banc 2007).

Defendant argues that there was only one modification at issue, that there were no other agreements to modify and that none of these agreements were made after any promise to modify from the Defendant. (*See* Defendant's Memorandum in Support, Pg. 4). This does not reflect the facts that have arisen in this case. Mr. Butano has not only asserted that he received a

3

modification in July of 2010 and May 2011, but also in November 2010. (*See* Def. Exhibit 4, Plaintiff's Answers to Interrogatory No. 3). This November 2010 agreement to modify has not been disputed. Additionally, Mr. Butano testified in his deposition that he signed multiple documents at the home preservation workshop in order to receive a loan modification in May 2011. (S.O.F. ¶11, ¶12). A reasonable juror could find that the Defendant made a promise to Mr. Butano prior to the modification that occurred in November 2010 or at the home preservation workshop in May 2011 in order for him to enter into a loan modification.

Defendant also argues that Mr. Butano has not offered evidence that he detrimentally relied on Defendant's promise. (*See* Defendant's Memorandum in Support, Pg. 4). Mr. Butano made payments after he entered into the May 2011 modification until December 2011 as part of that agreement. S.O.F. ¶13. It is uncontroverted that he made these payments. These payments are evidence that he relied on Defendant's promise to modify his loan and would not have been paid otherwise. A reasonable juror could find that Mr. Butano detrimentally relied on the Defendant's promise to modify in making these payments.

Defendant is not entitled to summary judgment on Plaintiff's Promissory Estoppel Claim (Count II).

### III. There Remain Genuine Issues of Material Fact With Respect to Plaintiff's Fraudulent Misrepresentation Claim (Count III).

Under Missouri law, fraudulent misrepresentation had nine elements: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that it should be acted on by the person in the manner contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's

4

reliance on the representation being true, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximately caused injury. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo.banc 2010).

Defendant argues that Butano cannot establish falsity for the May 2011 modification because the special forbearance agreement does not include a promise to modify. (*See* Defendant's Memorandum in Support, Pg. 5). This does not preclude the testimony Mr. Butano gave in his deposition that he signed the special forbearance document as one of multiple documents that were signed to create a loan modification. (S.O.F. ¶11, ¶12). A reasonable juror could find that the promises made to Mr. Butano in order for him to sign the documents at the home preservation workshop were, in fact, false as they were never honored. Additionally, Defendant argues that Mr. Buno cannot show reliance because his payments were late. And for the same reasons in the discussion of Count II, a reasonable juror could find that Mr. Butano relied on the false promises of the Defendant at the home preservation workshop when making his payments from May 2011 until January 2012. S.O.F.  ¶13.

Defendant is not entitled to summary judgment on Plaintiff's Fraudulent Misrepresentation Claim (Count III).

5

**CONCLUSION**

Because there remain genuine issues of material fact and because the defendant has failed to prove that it is entitled to judgment as a matter of law, Defendant's Motion for Summary Judgment must be denied.

Respectfully Submitted:

KASPER LAW FIRM, LLC


By: /s/  Aaron K. LaPlante
Kevin J. Kasper, #52171
Aaron K. LaPlante, #66029
3930 S. Old Hwy 94, Ste. 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: kevinkasper@kasperlawfirm.net
aaronlaplante@kasperlawfirm.net

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically filed on May 22, 2015 with the Clerk of the Court using the Court's online CM/ECF system, which will serve notice upon all counsel of record.

                                                /s/   Aaron K. LaPlante
                                                      Attorney for Plaintiff